■ YOUNG SOOK HONG et al., Plaintiffs, v HAN'S BEER AND SODA, INC., Doing Business as WHITE'S BEER AND SODA DISTRIBUTORS, Defendant, and UNIVERSAL ELECTRIC CORPORATION, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant and Second Third-Party Plaintiff. EVERBRITE ELECTRIC SIGNS, INC., Third-Party Defendant; MILLER BREWING COMPANY, Second Third-Party Defendant-Respondent. [672 NYS2d 381] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 1, 1997, as granted that branch of the second third-party defendant's motion which was for partial summary judgment on its cross claim against it for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Young Sook Hong was injured when she received an electrical shock while operating a neon sign advertising a beverage manufactured by the Miller Brewing Company (hereinafter Miller) in her deli/grocery store. Alleging, among other things, defective design and manufacture of the sign, the plaintiffs sued, *inter alia,* the defendant Universal Electric Corporation (hereinafter Universal), the manufacturer and seller of the sign, and Boening Brothers, Inc. (hereinafter Boening), the sign's distributor. Boening impleaded Miller, and Miller asserted a cross claim against Universal for contractual indemnification.

Miller was entitled to partial summary judgment against Universal based upon the clear language of paragraph 9 of its purchase order with Universal. Paragraph 9 of the purchase order provided that Universal, as the manufacturer and seller of Miller's signs, would hold Miller, the buyer, harmless, and would indemnify Miller for any and all judgments and related expenses resulting from, *inter alia,* claims for personal injuries connected with any goods sold pursuant to the purchase order.

To the extent that Universal asserts on appeal that even under the language of this contract Miller could arguably be

held responsible for an unspecified "design defect" in the neon sign, we find its contention to be without merit. The evidence establishes that Miller had no role in developing the technical aspects of the neon sign, and that the sign was never in the physical possession of Miller, having been both manufactured and then shipped by Universal. Ritter, J. P., Thompson, Friedmann and Goldstein, JJ., concur.